UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00139-GNS

IVAN JOSE FLORES LOPEZ                                                    PETITIONER

v.

MIKE LEWIS, Jailer,
Hopkins County Jail;
PAMELA JO BONDI, Attorney General of
the United States of America;
KRISTI NOEM, Secretary of
the Department of Homeland Security; and
TODD LYONS, Acting Director,
United States Immigration and Customs Enforcement        RESPONDENTS


**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

In June 2023, Petitioner Ivan Jose Flores Lopez ("Lopez"), who is a native and citizen of Venezuela, applied for entry and was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). (Pet. ¶¶ 3-5, DN 1; Pet. Ex. B, at 2, DN 1-4; Resp'ts' Resp. Show Cause Order Ex. 2, at 3, DN 6-2). In January 2026, he was stopped by an Indiana law enforcement officer while driving and was cited for driving without a license. (Pet. ¶ 6). Lopez was subsequently placed in the custody of the Department of Homeland Security ("DHS") and remains detained. (Pet. ¶ 7). He is currently housed at the Hopkins County Jail. (Pet. ¶¶ 2, 14).

Lopez filed the Petition for Writ of Habeas Corpus against Respondents: Mike Lewis ("Lewis"), Jailer of Hopkins County Jail; Pamela Jo Bondi, Attorney General of the United States of America; Kristi Noem, Secretary of DHS; and Todd Lyons, Acting Director of Immigration and Customs Enforcement.[1] (Pet. ¶¶ 18-21). In the Petition, he challenges his continued detention and

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore*

alleges violations of his due process rights under the Fifth Amendment, and the Administrative Procedure Act and its regulations. (Pet. ¶¶ 72-91). Respondents contend that Lopez is being properly detained pursuant to 8 U.S.C. 1225(b)(2)(A) because 8 U.S.C. § 1182(d)(5)(A) mandated his return to custody following the expiration of his parole. (Resp'ts' Resp. Show Cause Order 2-9, DN 6).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Lopez bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Many cases decided by courts within the Sixth Circuit has considered whether a petitioner must exhaust administrative remedies before seeking relief under Section 2241. Based on the reasoning articulated in *Edahi v. Lewis*, No. 4:25-CV-129-RGJ, 2025 WL 3466682 (W.D. Ky. Nov. 27, 2025), the Court waives any exhaustion requirement for the same reasons in the case *sub judice*. *See id.* at *2-3.

"When a Section 1182 humanitarian parole terminates, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" *Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 81518, at *3 (N.D. Cal. Jan. 12, 2026) (quoting 8 U.S.C.

---

*v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020). Therefore, as the jailer, Lewis is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

§ 1182(d)(5)(A)).  "[T]he 'returned to the custody' language of this provision does not 'affirmatively authorize[] detention.'"  *Id.* (second alteration in original) (quoting *Clark v. Martinez*, 543 U.S. 371, 385 (2005)); *see Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098, at *10 (S.D.N.Y. Dec. 17, 2025) ("[T]he instruction that the noncitizen be 'returned to the custody from which he was paroled' does not mean a return to physical custody.  The law and the statute draw a distinction between 'detention' and 'custody.'").  Thus, "mere termination of [a petitioner's] parole does not result in [his] mandatory detention."  *Daza*, 2026 WL 81518, at *3.

Upon termination of parole, a petitioner's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).  An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C. § 1225(a)(1).  Parole "shall not be regarded as an admission of the alien . . . ."  8 U.S.C. § 1182(d)(5)(A).  As a result, noncitizens released on parole remain applicants for admission after their parole ends.  *See  Daza*, 2026 WL 81518, at *3.

As an applicant for admission, Lopez "remains subject to regular removal proceedings" and "may be detained if certain criteria are met, as set forth in Section 1226(a)."  *Id.* (citing *Innovation L. Lab. v. McAleenan*, 924 F.3d 503, 507 (9th Cir. 2019); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1226(a) likewise applies where "a petitioner's re-arrest was not a continuation of the initial border encounter, but an independent decision to detain the individual after the expiration of his parole . . . ."  *Ivonin v. Rhoney*, No. 6:25-CV-06673 EAW, 2026 WL 199283, at *4 (W.D.N.Y. Jan. 26, 2026) (emphasis omitted).  "Section 1226 generally governs the process of arresting and detaining aliens once inside the United States."  *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-CV-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018)).  Thus, contrary to Respondents' contention, 8 U.S.C. § 1226, not 8 U.S.C. § 1225(b)(2)(A), applies to Lopez.  *See Quintero v. Olson*, No. 4:26-CV-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. Mar. 3, 2026).

3

This Court has repeatedly held that an alien being erroneously detained under Section 1225 when he is eligible for bond under Section 1226(a) can prove a due process violation under the three-part balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Aquino v. Woosley*, No. 4:26-CV-43-RGJ, 2026 WL 445033, at *10-12 (W.D. Ky. Feb. 17, 2026); *Colina-Rojas v. Noem*, No. 4:26-CV-37-RGJ, 2026 WL 412138, at *10-12 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-17-RGJ, 2026 WL 381605, at *10-12 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-198-RGJ, 2026 WL 324486, at *10-12 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-20-DJH, 2026 WL 227011, at *4-5 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-189-RGJ, 2026 WL 181340, at *10-11 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-176-RGJ, 2026 WL 116412, at *10-12 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-171-RGJ, 2026 WL 92102, at *11-13 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-169-RGJ, 2026 WL 74566, at *10-12 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-168-RGJ, 2026 WL 36345, at *10-12 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-165-RGJ, 2025 WL 3722014, at *10-12 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-150-RGJ, 2025 WL 3680330, at *11-13 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-143-RGJ, 2025 WL 3553676, at *11-12 (W.D. Ky. Dec. 11, 2025); *Aranda v. Olson*, No. 4:25-CV-156-GNS, 2025 WL 3499061, at *6-8 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-151-GNS, 2025 WL 3499062, at *3-7 (W.D. Ky. Dec. 5, 2025); *Edahi*, 2025 WL 3466682, at *13-14; *Singh v. Lewis*, No. 4:25-CV-133-DJH, 2025 WL 3298080, at *5-6 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-157-DJH, 2025 WL 3298081, at *3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-121-DJH, 2025 WL 3243837, at *3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-137-GNS, 2025 WL 3231630, at *6-7 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *4 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *8-9 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No. 4:25-CV-119-RGJ, 2025 WL 3046187, at *4-6 (W.D. Ky. Oct. 31, 2025);

*Martinez-Elvir v. Olson*, No. 3:25-CV-589-CHB, 2025 WL 3006772, at *11-13 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-112-RGJ, 2025 WL 3006763, at *5-6 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-82-RGJ, 2025 WL 2933852, at *4-5 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-594-RGJ, 2025 WL 2880831, at *4-5 (W.D. Ky. Oct. 9, 2025); *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5-6 (W.D. Ky. Oct. 3, 2025); *Singh v. Lewis*, No. 4:25-CV-96-RGJ, 2025 WL 2699219, at *3-5 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *5-7 (W.D. Ky. Sep. 19, 2025). The unlawful detention of Lopez implicates his liberty interest to which due process applies and precludes him from challenging his detention creating a high risk of erroneous deprivation of the liberty interest, which can be remedied by providing a bond hearing before a neutral immigration judge. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal citation omitted) (citing *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)); *Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025); *Pinchi v. Noem*, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025). As this Court has recognized, "a 'routine bond hearing before an [immigration judge]' presents 'minimal' fiscal and administrative burdens, and 'there is an established process for doing so that [the Department of Homeland Security] can readily follow here.'" *Alonso*, 2025 WL 3083920, at *9 (alterations in original) (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 494 (E.D.N.Y. 2025)).

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel*, 2025 WL 2823607, at *6; *Barrera*, 2025 WL 2690565, at *7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025). "Habeas has traditionally been a means to secure release from unlawful detention . . . ." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020). Consistent with these norms, Lopez must be released, and if he is arrested and re-detained, he is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.      The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Ivan Jose Flores Lopez from custody **IMMEDIATELY**, and, in the event that he is arrested and re-detained, provide him with a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.      Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 31, 2026

cc:      counsel of record

6